UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| MITCHELL ALAN TITUS, | : | CIVIL ACTION NO. 3:CV-18-1626 |
|---|---|---|
| Plaintiff | : | (Judge Nealon) |
| v. | : | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : | |
| Defendants | : | |

FILED
SCRANTON
OCT 15 2018
PER_____
DEPUTY CLERK

## MEMORANDUM

I. **Background**

Mitchell Alan Titus, an inmate currently confined in the Rockview State Correctional Facility ("SCI-Rockview"), Bellefonte, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. §1983. The named Defendants are the Pennsylvania Department of Corrections, the Bureau of Corrections Education, and the following SCI-Rockview employees: Mark Garman, Facility Manager; Ryan Eby, Principle of Education; and Ciera Kauffman, Acting Librarian/Library Assistant. Subsequent to the filing of his complaint, Titus submitted an application to proceed *in forma pauperis* under 28 U.S.C. §1915. The Prison Litigation Reform Act (the "Act"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915 if the

complaint is frivolous.[1] Moreover, 28 U.S.C. § 1915A requires a district court to screen any complaint brought by a prisoner who seeks relief from a government employee for purposes of determining whether, <u>inter alia</u>, the complaint fails to present a viable cause of action. This initial screening is to de done as soon as practicable and need not await service of process. 28 U.S.C. § 1915A(a). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* will be granted for the sole purpose of filing the instant action, and the Plaintiff's complaint will be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

## II. **Factual Allegations**

Plaintiff alleges that he has witnessed Defendant Kauffman, on many occasions violate Department of Corrections policies. (Doc. 1, complaint at 1-3). Specifically, Plaintiff states that "Ms. Kauffman permitted inmates to make copies without

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

requiring the inmate to use a 'copy card', in violation of DC-ADM-007 ROC 2," which states that "inmates are only permitted to receive copies without a copy card when and if they are on a court-ordered deadline." *Id.* Plaintiff states that he "witnessed this practice on several occasions with several inmates." *Id.*

Additionally, Plaintiff claims that Ms. Kauffman "violated DC-ADM 816 by shortening Plaintiff hours that he worked on at least two separate occasions, while paying other workers for time that they were not at work (i.e. visits, other callouts, school)." *Id.* He states that he "witnessed and experienced these violations first hand." *Id.*

Plaintiff "confronted Ms. Kauffman regarding the above policy violations per the Inmate Handbook Section II, F, 3," and "Ms. Kauffman got indignant and told Plaintiff 'It is not your concern." *Id.* Plaintiff, "continuing to follow the 'chain of command' wrote to Security and Defendant Eby". *Id.* Plaintiff states that Defendant Eby "informed Plaintiff that 'it was not [Plaintiff's] responsibility to make sure policy is followed" and "just do your job and be happy that you have your job'." *Id.* Plaintiff believed "this was a threat to his employment and personal well being." *Id.*

In December, 2017, Defendant Eby hired a new Librarian and Plaintiff "typed a note to the new Librarian as he felt it was the only way that he could communicate his concerns regarding the policies not being followed. *Id.* Plaintiff wrote "Please to not discuss this with Ms. Kauffman as she will get very angry with me" on the bottom of the note. *Id.*

3

On May 15, 2018, Plaintiff states that he "was called to the Security Office and met with Captain Dyke (Security) and Mr. Eby." *Id.* Captain Dyke stated that the note was an attempt by Plaintiff to "manipulate one staff member against another" and terminated Plaintiff's employment. *Id.* Plaintiff states that he "made only one comment and said 'That's how you read it'." *Id.*

Plaintiff filed a grievance, claiming wrongful termination of employment. *Id.* He claims that the grievance was denied and that Mr. Eby wrote in the denial that "Plaintiff was 'meddling' with the operation of the Library." *Id.* Plaintiff appealed the denial to final review before the Office of Inmate Grievance and Appeals, where his final appeal was denied. *Id.*

Thus, Plaintiff filed the instant action in which he seeks damages, as well as to be "permanently transferred to the Community Corrections Center" in Harrisburg, Pennsylvania. *Id.*

### III. Discussion

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." The Supreme Court has mandated a two-part analysis of a procedural due process claim: first, "whether the asserted individual interests are encompassed within the . . . protection of 'life, liberty or property;' second, if protected interests are implicated, we then must decide what procedures

4

constitute 'due process of law'." *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). If there is no protected liberty or property interest, it is obviously unnecessary to analyze what procedures were followed when an alleged deprivation of an interest occurred.

It is well-settled that an inmate does not have a protected liberty or property interest in continued prison employment. *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir.), *cert. denied*, 493 U.S. 870 (1989); *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975). The right to earn wages while incarcerated is a privilege, not a constitutionally guaranteed right. However, until recently a state or federal law or regulation could create such an interest. *Hewitt v. Helms*, 459 U.S. 460, 466, 469-72 (1983) (holding that a liberty interest may arise from state laws or regulations about the treatment of prisoners if such laws or regulations contain words of a mandatory nature which restrict prison officials' discretion). The *Hewitt* methodology was rejected in *Sandin v. Conner*, 515 U.S. 472 (1995). In *Sandin* the Court held that while under certain circumstances, states may create liberty interests protected by the Due Process Clause,

> these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . ., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 484 (citations omitted). Furthermore, although *Sandin* "did not instruct on the correct methodology for determining when prison regulations create a protected property interest[,]" as opposed to a liberty interest, the "law is well established . . . that an inmate's expectation of keeping a specific prison job, or any job, does not

5

implicate a protected property interest." *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). *See also Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding inmates have no property interest in continuing in work-release program); *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (holding inmates have no constitutional right to be assigned a particular job); *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (finding Constitution does not create a property interest in prison employment); *Adams v. James*, 784 F.2d 1077, 1079 (11th Cir. 1986) (assigning inmate as law clerk does not invest him with a property interest in continuation as such); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) (finding inmate's expectation of keeping job does not amount to a property interest subject to due process protections); *Bryan*, 516 F.2d at 240 (same).

In so far as Plaintiff seeks to recover for lost wages, no inmate has a cause of action under §1983 for reduced prison wages. *Gahagan v. Pennsylvania Bd. of Probation & Parole*, 444 F. Supp. 1326, 1330-31 (E.D. Pa. 1978).

Moreover, "it is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security classification." *Keeling v. Barrager*, 2014 U.S. Dist. LEXIS 46955, *16, 2014 WL 1338077 (M.D. Pa.2014) (Nealon, J.) (citing *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). "[T]he decision where to house inmates is at the core of the prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). "An inmate does not have a protected liberty interest arising from the Due Process

6

Clause to be assigned to a particular custody level, security classification, or place of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005); *Thomaston v. Meyer*, 519 F. App'x 118 (3d Cir.2013) (per curiam)). "Likewise, an inmate does not have a due process right to remain at, or be transferred to, a prison of his choice." *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). Consequently, Plaintiff's request to be transferred to another institution will be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Thus, since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. *See Roman v. Jeffes*, 904 F.2d 192, 195 n. 3 (3d Cir. 1990).

An appropriate Order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Judge